OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On this appeal, defendant urges us to reverse a finding of the Appellate Division that the police had probable cause to arrest *999 defendant Julio Ortiz. A probable cause determination, involving mixed questions of law and fact, is beyond the review powers of this court in those instances where conflicting inferences may be drawn from the evidence (People v Harrison, 57 NY2d 470, 477). In this case there is sufficient evidence to support the determination that there was probable cause to arrest defendant at the moment of his initial detention. Because there was probable cause to arrest defendant at the time he was detained, we need not reach the question of whether a person stopped on reasonable suspicion, but not probable cause, may be detained pending the execution of a valid search warrant (see, People v Brnja, 50 NY2d ,366). Moreover, the mandatory sentences imposed upon defendant are not so grossly disproportionate to the offenses committed as to amount to an unconstitutionally cruel and unusual punishment (see, People v Jones, 39 NY2d 694, 697). We have considered defendant’s argument as to the sufficiency of the evidence with regard to the jury verdict and find it to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.