■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN DAVIS, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Copertino, J.), rendered September 9, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and certain physical evidence.

Ordered that the judgment is affirmed.

The defendant and two coperpetrators were charged with the gunpoint robbery of John McCall in Amityville on August 7, 1984. McCall provided the police with descriptions of all three perpetrators, one of whom he knew as Pea Head. A second eyewitness identified the three as Pea Head, Richard Govan and Cool. Police Officer Richard Bautz, who knew Pea Head, arrested her and learned from her that Cool was also known as Cool Williams. The officer thereafter conferred with the robbery squad on the case and learned that Cool Williams' real name was Calvin Davis, the defendant herein.

On appeal the defendant claims error with respect to the court's refusal to suppress the gun and bullets seized from him at the time of his arrest. He alleges that there was no probable cause to arrest him inasmuch as the People did not show how Officer Bautz came to know he was Cool Williams. We disagree. It is well settled that "the existence of probable cause to arrest requires * * * 'merely information which would lead a reasonable person who possesses the same expertise as the [arresting] officer to conclude, under the circumstances that a crime is being or was committed' " (People v Ortiz, 103 AD2d 303, 305, affd 64 NY2d 997, quoting from People v McRay, 51 NY2d 594, 602). Furthermore, in order for a person to be arrested it must appear "more probable than not" that he was the perpetrator of the crime (People v Carrasquillo, 54 NY2d 248, 254). Here, two witnesses similarly described the man who held the gun during the robbery. Furthermore, he was identified by one of his coperpetrators and his photograph was found to match the descriptions given by the witnesses. Under the circumstances, the defendant's arrest was based on probable cause and the court was correct in denying that branch of his omnibus motion which was to suppress physical evidence.

The record establishes that an insufficient attenuation existed between the unwarned custodial statement made by the defendant in the police vehicle and its repetition at the precinct after the warnings required by NY Constitution,

article I, § 6 were administered *(see, People v Bethea,* 67 NY2d 364). However, the court's failure to suppress the defendant's post-*Miranda* statement did not constitute reversible error. It was not necessary to introduce the subject statement in order to establish any necessary element of robbery in the second degree. The victim identified the defendant at trial as one of those who robbed him and identified the defendant's gun as that used in the robbery. The defendant's former girlfriend also testified that the defendant admitted his part in the robbery to her. In light of the overwhelming evidence of guilt, any error surrounding the introduction into evidence of the subject statements was harmless beyond a reasonable doubt *(see, People v Almestica,* 42 NY2d 222, 226). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.