■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DUKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered February 5, 1987, convicting him of murder in the second degree, robbery in the first degree and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On appeal the defendant claims error, *inter alia,* with respect to the court's refusal to suppress inculpatory statements made by the defendant to law enforcement officials. We disagree.

It is well settled that "the existence of probable cause to arrest requires * * * 'merely information which would lead a reasonable person who possesses the same expertise as the [arresting] officer to conclude, under the circumstances, that a crime is being or was committed' " *(People v Ortiz,* 103 AD2d 303, 305, *affd* 64 NY2d 997, quoting *People v McRay,* 51 NY2d 594, 602). Furthermore, in order for a person to be arrested it must appear "more probable than not" that he was the perpetrator of the crime *(People v Carrasquillo,* 54 NY2d 248, 254; *People v Davis,* 144 AD2d 379, 380). Here, an eyewitness, who had known the defendant for several years by his sobriquet "Pancho", informed the investigating officers that she had seen a struggle between the defendant and the deceased, who was a gas station attendant, and that in the course of the struggle, the defendant shot the deceased. In addition, the defendant's brother-in-law told the officers that the defendant had related to him how he had shot the deceased and a guard dog which had "tried to rough him up." The brother-in-law also told the officers that, on the night of the incident, the defendant came home with a gun which had "an odor of firecrackers". Therefore, based on the information available to the arresting officers, there was probable cause for the defendant's arrest and the statements thereafter obtained were not suppressible as the product of an illegal arrest. Equally una-

vailing is the defendant's contention that the statements were involuntary because he was asked to, and did, make statements in the presence of his mother and police officers. The record shows that, prior to confessing to his mother, the defendant had already given a statement to the officers, after receiving *Miranda* warnings while en route to police headquarters. This is not disputed by the defendant. Hence the defendant's second statement, to his mother, was a confirmation, and not a revelation, of his involvement in the offense. In any event, when the totality of the circumstances is examined, it is beyond cavil that neither statement was coerced or involuntary *(see, People v Anderson,* 42 NY2d 35, 38-41; *People v Punter,* 149 AD2d 631, 632).

We also disagree with the defendant's further contention that his confession was not corroborated, as required by CPL 60.50. The defendant's contention misconceives the true operation of that provision since "[i]t is only necessary * * * to show by other evidence that the crime charged has been committed by some one; in order to comply with section 60.50, it is not necessary that the other evidence connect the defendant with the crime" (Richardson, Evidence § 553 [Prince 10th ed]). The policy behind that section "is to prevent a conviction based upon a confession of a crime when in fact no crime has been committed by any one" (Richardson, Evidence § 553 [Prince 10th ed]; *see also, People v Lipsky,* 57 NY2d 560).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.