■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT WHITAKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 14, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that judgment is affirmed.

The defendant was arrested on October 1, 1987, after a police officer observed him leaping out of a window located on

the second floor of an abandoned building. The officer was present at this location in order to execute a search warrant which had been obtained upon the basis of an undercover narcotics transaction which had taken place at the subject building a few days earlier. A second narcotics transaction had been completed only moments before the commencement of the execution of the warrant, and moments before the defendant unsuccessfully sought to escape from the building via the second story window.

On appeal, the defendant argues, *inter alia,* that his arrest was not based upon probable cause, and that the fruits of that arrest should have been suppressed. We disagree. The only reasonable explanation for the defendant's presence at the subject building, when coupled with the highly unusual method by which he sought to flee from it, was that he had been a participant in the illegal narcotics transaction which had occurred inside the building only moments earlier. To suggest that an innocent person would have been present in this isolated location for some legitimate reason, and would have chosen a second story window as a means for exiting from it, defies logic. Under the circumstances of this case, there was probable cause to arrest *(see generally, People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.