■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOMO LUCAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered November 16, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The primary issue raised on this appeal is the defendant's claim that the vials of crack-cocaine, bags of marihuana, and the prerecorded "buy money" found on his person were seized incident to an unlawful arrest, and therefore, should have been suppressed by the hearing court. Specifically, he argues that the police had no probable cause to arrest him and to thereafter search him. However, the evidence adduced at the hearing reveals that a police officer positioned on a rooftop observed the defendant fleeing through the rear window of the second floor apartment where, just minutes earlier, another undercover police officer had purchased cocaine through a peephole in a steel door. The rooftop officer then radioed his back-up team, informing them that a "male black with dreds" (i.e., a dredlock hairstyle) was "coming around". Moments later the defendant, who had descended into an alley directly below the window, was stopped and handcuffed by another police officer who had heard the radio communication. The officer who had been on the roof then joined the arresting officer and the defendant was searched.

While neither presence at the scene of criminal activity nor flight from the police can ordinarily establish probable cause justifying a search (Ybarra v Illinois, 444 US 85; People v Howard, 50 NY2d 583, cert denied 449 US 1023), under these facts there was probable cause to arrest the defendant and the search was therefore proper. The only reasonable explanation for the defendant's presence at the location of the drug purchase, coupled with his unusual method of egress, was that he had been a participant in the illegal narcotics transaction which had occurred just a few minutes before. "To suggest that an innocent person would have been present [in the apartment] for some legitimate reason, and would have chosen a second story window as a means of exiting from it, defies logic" (People v Whitaker, 168 AD2d 656, 657; see also, People v Ortiz, 103 AD2d 303, affd 64 NY2d 997). Accordingly, we conclude that the officer, who had been on the rooftop, had probable cause to arrest the defendant, which probable cause was imputed to the back-up team waiting on the street by dint of the radio communication (People v Lypka, 36 NY2d 210).

In light of our determination, we do not reach the defendant's remaining contention regarding the alleged legal insufficiency of the evidence in the event we were to grant suppression of the physical evidence. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.