■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LOURENSZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered July 18, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police possessed probable cause to arrest him. The record reveals that Officer Anthony DeLustro and his partner observed the complainant —an Asian man—screaming and waving his arms while chasing three men. Officer DeLustro and his partner immediately gave chase. DeLustro then noticed that two other officers from his unit, who had also observed the complainant chasing the three men, joined the pursuit. At about this time, the complainant stopped running and informed Officer DeLustro that he had been robbed by the men he had been chasing. Meanwhile, the other officers from DeLustro's unit—Officers Marx and Nupe—caught up to one of the running men who had been "lagging behind" the two others. This individual told Officer Marx that he had been chasing the other two men and that these men had just robbed an Oriental man. Officers Marx and Nupe continued the pursuit and observed the two men on the corner of Fulton and Hoyt Streets. Officer Marx then saw one of the men, the defendant, remove his jacket and hand it to the other suspect. At this point, the officers were able to arrest the defendant and his accomplice.

Under the circumstances, we find that the hearing court properly denied the defendant's motion to suppress. Here, the arresting officers observed the complainant pursuing the suspects, at whom he was yelling and waving his arms. Upon immediately joining the chase, the arresting officers were informed that an Oriental complainant had been robbed by the fleeing men, information whose reliability was buttressed by the officers' own personal observations at the scene (see, People v Harris, 175 AD2d 713; People v DeJesus, 169 AD2d 521; People v Crosby, 91 AD2d 20, 28). Thereafter, one of the officers observed the defendant hand his coat to the other suspect, in what appeared to be an attempt to disguise his identity. Considering all of the attendant factors, we conclude that the arresting officers possessed probable cause to believe that a crime had been committed and that the defendant was one of its perpetrators (see, People v Carrasquillo, 54 NY2d 248, 254; People v Harris, supra; People v DeJesus, supra; People v Duke, 160 AD2d 1017; People v Davis, 144 AD2d 379, 380; People v Chapman, 103 AD2d 494; see also, People v McRay, 51 NY2d 594; People v Ortiz, 103 AD2d 303, affd 64 NY2d 997).

We have reviewed the defendant's remaining contentions and find them to be without merit (People v Duuvon, 77 NY2d 541; People v Hicks, 68 NY2d 234; People v Conyers, 176 AD2d 340; People v Perez, 135 AD2d 665; see also, People v Brnja, 70

AD2d 17, *affd* 50 NY2d 366). Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.