5 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY BRANCH, Appellant. [637 NYS2d 220] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 8, 1994, upon a verdict convicting defendant of the crime of resisting arrest.

While executing a "no-knock" warrant for the search of both apartments of a two-family dwelling in the City of Albany, Albany Police Detective William Murphy encountered defendant in the downstairs apartment. Consistent with the police department policy of "secur[ing] everybody when [executing] a search warrant, for their safety and [that of the police], and to maintain the evidence, if any, within the apartment", Murphy directed defendant to get down on the floor and place his hands where they could be seen. Undeniably, defendant failed to comply with that direction and physically resisted Murphy's efforts to bring him under control. After defendant was fully secured, Murphy found a plastic bag containing crack cocaine under a nearby china closet, giving rise to the counts of the indictment charging criminal possession of a controlled

substance in the third and fourth degrees. Following a jury trial, defendant was convicted of resisting arrest and the jury was unable to reach a verdict on the remaining charges. Defendant now appeals.

Because we agree with defendant that the trial evidence did not establish the elements of the crime of resisting arrest (Penal Law § 205.30), we are constrained to reverse the judgment of conviction and dismiss the third count of the indictment. Fundamentally, "[i]t is an essential element of the crime of resisting arrest that the arrest be authorized and, absent proof that the arresting officer had a warrant or probable cause to arrest defendant for commission of some offense, a conviction cannot stand" (*People v Alejandro*, 70 NY2d 133, 135; *see*, *People v Peacock*, 68 NY2d 675). Although we have no quarrel with Murphy's decision to "secure" defendant (*see*, *People v Smith*, 164 AD2d 456, *affd* 78 NY2d 897), such a limited seizure is not the type of "arrest" contemplated by Penal Law § 205.30. Based upon our review of the record, and particularly Murphy's candid testimony that the purpose for the "arrest" was to secure defendant in accordance with police department policy, we reject the People's present contention that under all the circumstances, defendant's "furtive conduct" provided the requisite probable cause (*cf.*, *People v Ortiz*, 103 AD2d 303, 305-306, *affd* 64 NY2d 997). Finally, we perceive no merit in the argument that by "fail[ing] to timely object to the seizure of his person", defendant waived any objection to his unauthorized arrest.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and third count of the indictment is dismissed.