People v Brown (2023 NY Slip Op 05057)

People v Brown

2023 NY Slip Op 05057

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

601 KA 17-00106

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIKE A. BROWN, ALSO KNOWN AS MICHAEL A. BROWN, JR., DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 16, 2016. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]).
As defendant contends and the People correctly concede, his waiver of the right to appeal was inadequate under People v Thomas (34 NY3d 545 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant next contends that County Court erred in refusing to suppress evidence obtained as the result of an allegedly unlawful arrest. Contrary to defendant's contention, we conclude that there was probable cause to arrest defendant. " 'Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction . . . , but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed' " (People v Rose, 2 AD3d 1324, 1325 [4th Dept 2003], lv denied 2 NY3d 745 [2004], quoting People v McRay, 51 NY2d 594, 602 [1980]).
The record of the probable cause hearing establishes that two police officers were surveilling a vacant residence known to be a "chronic nuisance location for drug sales [and] drug use" when they observed an individual exit the back door of the residence with what appeared to be numerous small bags containing crack cocaine. As the officers detained and searched that individual, they observed defendant open the back door, look out in the direction of the officers, and then slam the door shut. Thereafter, as one of the officers moved to the door, knocked and shouted "police, open the door," he heard what sounded like boards being placed in an effort to barricade the rear entrance, followed by footsteps and breaking glass. The officer ran to the other side of the residence, and observed defendant lying on the ground beneath a broken window. After attempting to run away, defendant was apprehended by the officer and placed under arrest. We conclude that those facts, i.e., defendant fleeing from a known drug house by breaking, and then leaping through, a window immediately after seeing police officers detain another individual leaving the residence while openly possessing what appeared to be crack cocaine, would lead a reasonable person with the same expertise as the officer to determine that defendant was involved in an illegal drug transaction (see People v Whitaker, 168 AD2d 656, 657 [2d Dept 1990], lv denied 78 NY2d 927 [1991], reconsideration denied 78 NY2d 976 [1991]).
Finally, defendant contends that the court erred in summarily refusing to suppress evidence obtained from a search of the vacant residence. We reject that contention and conclude that "the allegations in the motion papers were insufficient to warrant a hearing" (People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied — US &mdash, 142 S Ct 2650 [2022]). Although defendant provided an affidavit wherein he claimed to be the occupant of the vacant residence, he presented limited evidence showing "relatively tenuous ties to the [premises]" and, in light of the property manager's supporting deposition attesting that defendant has never "leased or legitimately occupied" the residence, the court properly determined that defendant "lack[ed] standing to contest the legality of the search" (People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018] [internal quotation marks omitted]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court