■ In the Matter of TROY F., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated June 11, 1987, which, upon a fact-finding order of the same court, dated May 18, 1987, made upon the appellant's plea of guilty, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the third degree, directed that he be placed with the New York State Division for Youth, Title II, for a period of 12 months. The appeal brings up for review the denial, after a hearing, of the appellant's motion to suppress evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At 10:50 P.M. on May 4, 1987, four police officers of the New York City Housing Authority Police Department responded to a dispute in apartment G on the 13th floor of an apartment house operated by the New York City Housing Authority. After leaving the elevator, the officers proceeded down the

hallway to apartment 13G. When they rounded a corner of the hallway, they saw a male standing in front of the doorway of apartment 13G and the appellant about 10 feet away. Officer Mihnovich approached the appellant while his partner approached the other male. Officer Mihnovich asked the appellant if he lived in the building and the appellant replied that he did not. The officer also asked the appellant if he was with the male standing in front of apartment 13G and the appellant answered that he was not. During this colloquy, Officer Mihnovich's partner was questioning the other male, who produced identification indicating that he lived in apartment 13G, and stated that he did not know the appellant. The appellant stated that he was making a telephone call. Since Officer Mihnovich knew that there were no public telephones on the 13th floor, he asked the appellant where he was going to make the telephone call and the appellant did not reply. The officer repeated this question several times, but the appellant did not answer. At that point Officer Mihnovich arrested the appellant for trespassing. Upon searching the appellant, the officers found 13 vials of "crack".

A petition was filed charging the appellant with what would be criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, criminal trespass in the second degree and criminal trespass in the third degree if he were an adult. Following a *Mapp* hearing after which the appellant's motion to suppress the 13 vials of "crack" was denied, the appellant admitted that he had violated Penal Law § 220.16 (1). The appellant specifically admitted that he was delivering the 13 vials of "crack" to dealers.

The primary issue on this appeal is whether or not Officer Mihnovich had probable cause to believe that the appellant had committed or was committing the crime of criminal trespass *(see,* CPL 140.10 [1]; Penal Law § 140.10). Probable cause requires merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed *(see, People v McRay,* 51 NY2d 594; *People v Farinaro,* 110 AD2d 653). The concept of probable cause to arrest deals with probabilities and the rules for its application are not technical but concern factual and practical considerations of everyday life on which reasonable and prudent persons act *(People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997). Probable cause does not require proof beyond a reasonable

doubt or evidence to support a conviction *(see, People v McRay, supra; People v Ortiz, supra).*

In this case, the appellant was found by an experienced police officer in the hallway on the 13th floor of an apartment house near the scene of a reported dispute. Clearly, Officer Mihnovich had a common-law right of inquiry *(see, People v De Bour,* 40 NY2d 210). While the appellant was under no obligation to respond, he did in fact answer the officer and his replies not only failed to allege any license or privilege to be on the 13th floor, but his statement that he wanted to make a telephone call was patently false. While this evidence might not be sufficient to sustain a conviction for criminal trespass in the third degree (Penal Law § 140.10), we find that it does constitute probable cause to arrest for that crime in that it was more probable than not that the appellant had knowingly entered or remained unlawfully in a building. Since the arrest of the appellant was lawful, the search of his person incident to that arrest which revealed 13 vials of "crack" was also lawful and suppression was properly denied.

In view of our finding that there was probable cause to arrest the appellant for criminal trespass in the third degree, we need not consider whether or not the hallway of the apartment house constitutes a dwelling so as to warrant an arrest for criminal trespass in the second degree *(see,* Penal Law § 140.15; *People v Ivory,* 99 AD2d 154, 157). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.