■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACHOB TILIPMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered February 4, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him following his arrest.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contentions, the evidence adduced at the pretrial hearing clearly established that the police possessed probable cause to place him under arrest *(see, People v McRay,* 51 NY2d 594; *Matter of Troy F.,* 138 AD2d 707; *People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997). Hence the court properly denied that branch of the defendant's omnibus motion which was to suppress his postarrest inculpatory comments.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon an exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further conclude that the trial court properly ruled that the defense counsel, through his cross-examination of Officer Poveromo, created the inference of recent fabrication concerning the inculpatory comments he overheard the defendant make to his coperpetrators following their arrest. Consequently, the court properly admitted evidence of prior consistent statements made by the arresting officer to show that his testimony was not of recent invention nor given under motives of interest or bias *(see, People v McClean,* 69 NY2d 426, 428; *People v Davis,* 44 NY2d 269, 277).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.