■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BABARCICH, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered November 29, 1989, convicting him of criminal possession of a controlled substance in the fifth degree under indictment No. 10017/89, and criminal possession of a weapon in the third degree, under indictment No. 990/89, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed, and the matters are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On December 31, 1988, a police officer observed the defendant standing in the courtyard of an apartment building in Queens, in an area which had been the scene of as many as 150 arrests during the previous year. The sole entrance to the courtyard was posted with a "no trespassing" sign. The officer approached the defendant and asked whether he lived in the

building. The defendant replied that he was there to visit his sister, but, after initially agreeing to escort the officer to his sister's apartment, he admitted that he had lied. The defendant was then arrested for criminal trespass, and the search incident to this arrest resulted in the discovery of a quantity of narcotics. This incident formed the basis for the prosecution represented by indictment No. 10017/89.

On February 22, 1989, the defendant was a passenger in a pickup truck which, at approximately 1:45 A.M., was pulled over by a police vehicle due to a broken taillight. After the stop, an officer approached and requested that the occupants step out of the truck. As the driver and passengers (including the defendant) exited from the truck, the officer observed the handle of a gun on the floor on the passenger side. The occupants of the vehicle were then arrested. This incident formed the basis of indictment No. 990/89.

Contrary to the defendant's arguments, the evidence gathered by the police in both prosecutions was legally obtained. With respect to the first incident, the fact that the defendant was present in a location where there had been frequent drug-related arrests, along with all the other relevant circumstances, furnished an "articulable reason" for the officer's initial inquiry (see generally, People v De Bour, 40 NY2d 210, 213; People v Hopkins, 163 AD2d 416; see also, People v Rodriguez, 159 AD2d 201; Matter of Troy F., 138 AD2d 707). Once the defendant lied about the reason for his presence and failed to offer any legitimate explanation for it, the officer was justified in concluding that the defendant in fact had no privilege to be on the premises of the apartment complex which, in light of the "no trespassing" sign, the officer reasonably considered as being closed to the general public. Accordingly, there was probable cause to believe that the defendant was committing trespass as a violation or criminal trespass in the third degree (see, Penal Law § 140.10 [a]; §§ 140.05, 140.00 [5]; People v Rodriguez, supra; Matter of Troy F., supra).

As to the second incident, the officer had every right to order the occupants of the truck to step out after the vehicle in which they had been traveling had been legally stopped for a traffic law violation (see, People v Robinson, 74 NY2d 773, cert denied — US —, 110 S Ct 411; see also, Pennsylvania v Mimms, 434 US 106). The defendant's argument on this issue is therefore meritless.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.