■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB TILIPMAN, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Grajales, J.), rendered March 1, 1990, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree.

Ordered that the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Following his conviction of burglary in the third degree on February 4, 1988, the defendant was sentenced to a five-year period of probation (see, People v Tilipman, 144 AD2d 602). Several months later, the defendant was convicted of an unrelated Federal offense in Colorado, and the New York State Department of Probation filed violation of probation charges against him. The defendant was subsequently returned to New York to face the violation charges and on April 6, 1989, he pleaded guilty to one charge in exchange for a promise that he would be resentenced to a one-year term of incarceration upon the previous burglary conviction. At the time the sentence was imposed, the court did not specify whether the sentence was to run consecutively to or concurrently with the sentence imposed on the Federal conviction. Accordingly, by operation of law, the sentence imposed in this case ran consecutively to the Federal sentence (see, Penal Law § 70.25 [4]).

On appeal, the defendant claims that the April 1989 plea agreement additionally required the court to order the one-year sentence for his New York conviction to run concurrently with the sentence he was still serving for his Federal conviction. However, while the court did state that it intended to impose the one-year sentence "nunc pro tunc", it never explicitly stated that it intended for the sentence to run concurrently with the sentence on the Federal conviction, and it is unclear from the record whether such a promise was made. Accordingly, we must reject the defendant's contention that the court failed to honor the plea agreement by imposing a consecutive sentence. We note that as the defendant's contentions appear to be based in part upon plea negotiations which are not part of the record, the proper vehicle to challenge the imposition of the consecutive sentence at bar would be a CPL 440.20 motion to set aside the sentence.

The defendant's remaining contentions are unpreserved for

appellate review or without merit. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.