■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL MONROE, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J., at trial; Brenda S. Soloff, J., on motion to dismiss the indictment), rendered November 29, 1990, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the

People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of both possessory counts. Defendant's possession of 92 jumbo-sized vials of cocaine was sufficient to establish that he intended to sell them *(People v Hernandez,* 71 NY2d 233, 245). Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issue raised concerning the credibility of the police witnesses was properly placed before the jury and we find no reason to disturb its determination.

The narcotics recovered at the scene were properly admitted into evidence, as the arresting officer's testimony alone was sufficient to establish the necessary chain of custody *(People v Julian,* 41 NY2d 340). We also find that the motion to dismiss the indictment was properly denied, as defendant alleged insufficient grounds to demonstrate that the integrity of the proceeding had been impaired, and the circumstances surrounding his Grand Jury appearance did not deprive him of a meaningful opportunity to testify.

The trial court did not err in failing to discharge a sworn juror before testimony began, since it was immediately apparent that the juror's concern was based on a misapprehension that the crime had occurred in her neighborhood. No further inquiry was necessary, and the juror was not "grossly unqualified" to serve (CPL 270.35; *People v Buford,* 69 NY2d 290). The trial court properly denied defendant's request to examine files concerning the suspension of a police witness for use of excessive force, after reviewing the documents *in camera* and concluding they contained nothing of additional impeachment value. The officer was interviewed by counsel prior to trial and cross-examined about the underlying incident as well as the suspension. Since the file's relevance was limited to the issue of the witness's credibility, the court was well within its discretion in limiting cross-examination on such a collateral matter *(People v Smith,* 63 NY2d 41, 70, *cert denied* 469 US 1227).

Defendant's claim that the trial court unduly interfered with the questioning of witnesses and effectively became part of the prosecution effort is belied by the record, which demonstrates that the court sought only to ensure that a proper foundation was laid for the admission of evidence, and to clarify certain testimony *(People v Yut Wai Tom,* 53 NY2d 44,

55, 58). Finally, any error in failing to give a specific charge on prior inconsistent statements was harmless in the circumstances. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.