■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SHORT, Appellant. [602 NYS2d 917] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered August 16, 1991, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he displayed a handgun during the course of the robbery (see, Penal Law § 160.15 [4]). Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), however, we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court properly denied the defendant's request to charge petit larceny as a lesser-included offense of the robbery charge, since no reasonable view of the evidence would have supported the conclusion that the defendant committed the lesser offense but not the greater offense (see, CPL 300.50; *People v Glover*, 57 NY2d 61). Contrary to the defendant's contentions, the granting of a charge for a lesser-included offense may not be based on the "selective dissection of the integrated testimony of a single witness" (*People v Scarborough*, 49 NY2d 364, 373). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.