◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WRIGHT, Appellant. [611 NYS2d 566] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered August 5, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that certain minor discrepancies between the arresting officer's hearing testimony and trial testimony rendered his hearing testimony incredible as a matter of law is not properly before this Court, since the defendant never moved at trial to reopen the suppression hearing on this basis *(see,* CPL 470.05 [2]; *People v Sumpter,* 192 AD2d 628, 629; *People v Denny,* 177 AD2d 589, 590; *People v Hucks,* 175 AD2d 213, 214). Moreover, the propriety of the denial of the defendant's suppression motion should be assessed upon the evidence before the suppression court *(see, People v Riley,* 70 NY2d 523, 532; *People v Dodt,* 61 NY2d 408, 417; *People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily ques-

tions to be determined by the hearing court, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). The hearing court's determination is accorded great weight on appeal and will not be disturbed unless it is clearly unsupported by the hearing record *(see, People v Prochilo,* 41 NY2d 759; *see also, People v Gaimari, supra).* Furthermore, the defendant's arrest for criminal sale and possession of a controlled substance was supported by probable cause, since the arresting officer acted on the basis of a radio communication from the undercover officer who had personal knowledge of the facts transmitted *(see, People v Petralia,* 62 NY2d 47, 51, *cert denied* 469 US 852; *People v Pacheco,* 192 AD2d 625). Therefore, the seizure of the prerecorded money from the defendant's person incident to the arrest was lawful *(see, United States v Robinson,* 414 US 218, 235; *People v De Santis,* 46 NY2d 82, *cert denied* 443 US 912), and the drugs recovered from the floor on the driver's side of the car were properly admitted into evidence at trial *(see, People v Manganaro,* 176 AD2d 354).

In asserting a claim of unlawful discrimination under *Batson v Kentucky* (476 US 79), we find that the defendant failed to demonstrate facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race *(see, Batson v Kentucky, supra,* at 96; *People v Childress,* 81 NY2d 263, 266; *People v Steele,* 79 NY2d 317, 325; *People v Smith,* 81 NY2d 875, 876). The mere exercise of peremptory challenges here, standing alone, is insufficient to establish a "pattern of purposeful exclusion sufficient to raise an inference of discrimination" *(People v Steele, supra,* at 325). We further note that although the defendant raised his *Batson* claim during the first round of jury selection, he did not allude to it again in the three ensuing voir dire sessions.

The defendant's complaint that the prosecution failed to supply him with purported *Rosario* material in the form of a District Attorney Data Sheet is unpreserved for appellate review *(see, People v Rogelio,* 79 NY2d 843; *People v Ciro,* 195 AD2d 568; *People v Sheppard,* 185 AD2d 904). In any event, we note that the prosecutor reported that he had searched for the Data Sheet but had been unable to find it, and that he believed it must have been inadvertently discarded or mislaid after the information it contained had been entered on other documents. In addition, the defendant failed to show that the People's failure to exchange the Data Sheet in any way prejudiced him, as the pedigree information it contained, as

well as the time and location of the crime, were not at issue at the trial *(see, People v Davis,* 173 AD2d 634).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.