■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TOMAS SANCHEZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE GARCIA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE CLETO, Respondent. [613 NYS2d 912] —Order, Supreme Court, Bronx County (Stephen Lloyd Barrett, J.), entered February 28, 1994, which reduced count one of the indictment returned against Tomas Sanchez from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously affirmed.

Order, Supreme Court, Bronx County (Lawrence Bernstein, J.), entered February 4, 1994, which reduced count one of the indictment returned against Jose Garcia from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree, and dismissed count two, charging criminal possession of a controlled substance in the third degree, unanimously modified, on the law, to the extent of reinstating count two charging criminal possession of a controlled substance in the third degree and otherwise affirmed. The motion seeking to include certain papers as part of the court record is denied.

Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered February 10, 1994, which reduced count one of the indictment returned against Jose Cleto from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously affirmed.

In each of these cases, the court properly determined that the evidence presented to the Grand Jury was legally insufficient to sustain the required element of knowledge of weight of the controlled substance possessed *(People v Ryan,* 82 NY2d

497). Contrary to the People's argument on each appeal, an inference of knowledge of weight from defendant's "handling of the drugs" did not support the Grand Jury indictment since no evidence of "handling" was placed before the Grand Jury. Rather, in each of the cases, the People merely introduced evidence that defendant physically held a package containing a controlled substance, which in the circumstances presented does not concern proof of knowledge of the weight of the substance. Accordingly, these cases are factually distinguishable from cases in which there was additional evidence such as the presence of drug paraphernalia, from which a jury could conclude that the defendant "handled the drugs" *(see, People v Love,* 204 AD2d 97). No such evidence was placed before the Grand Jury in the instant cases.

Furthermore, we reject the People's argument that an inference of knowledge could be based upon the expectation that defendants in these cases could have recognized that the contraband exceeded the statutory threshold by a matter of ounces. First, it is doubtful that the average person can tell how many ounces an object weighs; moreover, a drug dealer's expertise cannot be attributed to these defendants where no evidence was introduced that any of these defendants were experienced in the drug trade. Accordingly, in each of these cases, the court properly reduced a count charging knowing possession of a certain weight of a controlled substance to criminal possession of a controlled substance in the seventh degree having no requisite element of weight, or knowledge thereof.

In *People v Garcia,* the court erroneously dismissed the count charging criminal possession of a controlled substance in the third degree upon the ground that there was no evidence to establish that the defendant possessed the cocaine with intent to sell it. It is well-established that the element of intent to sell may be established by proof that defendant possessed a substantial quantity of drugs *(see, People v Alvino,* 71 NY2d 233, 245). Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.