■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RAMIREZ, Appellant. [614 NYS2d 746] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 19, 1991, convicting

him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court failed to exercise its discretion when ruling on the defendant's *Sandoval* motion *(see, People v Sandoval,* 34 NY2d 371). We disagree. Contrary to the defendant's contention, the court did not abdicate its discretionary responsibilities in rendering its *Sandoval* ruling, inasmuch as it permitted inquiry as to the defendant's two prior felony convictions, but precluded any inquiry into two cases previously dismissed against the defendant, and precluded inquiry into the underlying facts of a pending case. Furthermore, in rendering its ruling, the court specifically stated that inquiry was being allowed into the defendant's two felony convictions because they revealed the defendant's willingness to place his own interests above those of society *(see, People v Sandoval, supra,* at 377). Moreover, contrary to the defendant's contention, the court's exercise of its discretion should not be disturbed merely because the court did not provide a more detailed recitation of its underlying reasoning *(see, People v Walker,* 83 NY2d 455).

The defendant further contends that the Supreme Court erred when it denied his request to charge attempted robbery in the second degree as a lesser included offense of robbery in the second degree. However, viewing the evidence in the light most favorable to the defendant, we find that the court properly denied the request, since there is no reasonable view of the evidence which would support the conclusion that the defendant committed the lesser offense but not the greater offense *(see, People v Glover,* 57 NY2d 61; *People v Short,* 197 AD2d 716).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, People v Gines,* 36 NY2d 932; *People v Contes,* 60 NY2d 620; CPL 470.15 [5]). Mangano, P. J., Bracken, Joy and Hart, JJ., concur.