■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO MONTANO, Appellant. [616 NYS2d 775] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Goodman, J.), rendered January 19, 1993, convicting of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

During the *Mapp/Huntley* hearing, the court properly credited the straightforward and uncontradicted testimony of the undercover police officers (see, People v Prochilo, 41 NY2d 759, 761; People v Gonzalez, 184 AD2d 525, 526; People v Perkins, 177 AD2d 720, 721). In light of the testimony by an experienced undercover officer who observed the defendant pass a plastic object to a woman in exchange for cash in a location known for drug trafficking, the court properly determined that there was probable cause to arrest the defendant and that the search was incident to the defendant's arrest (see, People v McRay, 51 NY2d 594, 604; People v Lypka, 36 NY2d 210, 213; People v Malsh, 188 AD2d 686; People v Matienzo, 184 AD2d 296, affd 81 NY2d 778; People v Brown, 151 AD2d 199, 203; People v Bittner, 97 AD2d 33, 35-37).

The court also properly determined that the defendant's statement to another undercover officer was spontaneous, as the officer did not say anything to the defendant and there was no evidence that the officer should have known that his conduct of retrieving vials from the defendant's person during a pat-down and his display of the vials would have prompted him to say "they're not mine" (see, People v Bryant, 59 NY2d 786, 788, rearg dismissed 65 NY2d 638; People v Hylton, 198 AD2d 301). We find that the trial court did not improvidently exercise its discretion in its *Sandoval* ruling (see, People v

*Sandoval,* 34 NY2d 371, 374; *see also, People v Greer,* 42 NY2d 170; *People v Ramirez,* 206 AD2d 491; *People v Pegram,* 191 AD2d 719; *People v McClainin,* 178 AD2d 495; *People v Dunn,* 203 AD2d 962; *People v Roman,* 190 AD2d 831, *affd* 83 NY2d 866).

Contrary to the defendant's contention, legally sufficient evidence of his intent to sell could be inferred from his possession of a substantial quantity of cocaine *(see,* Penal Law § 220.16 [1]; *People v Alvino,* 71 NY2d 233, 245; *People v Sanchez,* 205 AD2d 472; *People v Clanton,* 204 AD2d 810).

We decline to reduce the defendant's sentence in the interest of justice *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Wright,* 204 AD2d 372), or are based upon evidence dehors the record and are not cognizable on direct appeal *(see, People v Flack,* 216 NY 123, 125-131; *People v Nicovic,* 204 AD2d 493; *People v Dyson,* 200 AD2d 756). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.