■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN KING, Appellant. [693 NYS2d 243] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 7, 1997, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence established that the defendant was discovered in a fortified room with, among other things, 86 separately packaged bags of cocaine, $241 in United States currency, and a notebook containing records of drug transactions in plain view. The police had to gain access to the room through a metal door, which was barred from the inside, using a sledge hammer, pry bar, motorized saw with a 12-inch cutting blade, and a Hirsch tool (also known as "the jaws of life"). The only other means of exit was locked from the outside.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Under the circumstances, the only logical inference that could flow from the evidence was that the defendant was in constructive possession of the contraband by exercising dominion and control over the area where it was located (*see,* Penal Law § 10.00 [8]; *People v Chalmars,* 176 AD2d 239) and that the defendant possessed the cocaine with intent to sell (*see,* Penal Law § 220.16 [1]; *People v Monroe,* 186 AD2d 93; *People v Vailes,* 150 AD2d 406). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.