THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY LIGHTFOOT, Appellant. [803 NYS2d 188]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 10, 2005, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543 [2003]). Here, the record supports the hearing court's determination regarding the credibility of the witnesses, and we decline to disturb it.

The defendant's claim that the initial police questioning of him amounted to a common-law right of inquiry because of the number of officers present is unpreserved for appellate review. The defendant did not advance this argument before the hearing court and the hearing court did not expressly decide it (*see* CPL 470.05 [2]; *People v Turriago*, 90 NY2d 77, 83 [1997]). In any event, the record does not support the defendant's claim, because there is no evidence that the number of police officers present was intimidating.

One police officer merely asked the defendant his name and whether he knew anyone who lived in the building. As the hearing court properly found, these questions, under the circumstances, amounted to a request for information, for which the police had an "objective credible reason" (*People v Hollman*, 79 NY2d 181, 185 [1992]; *People v Wells*, 226 AD2d 406 [1996]). Under all of the circumstances, including the posted "no trespassing" warning in the lobby of the building, and the defendant's answers to the officer's questions, in which the defendant admitted that he did not live in the building and asserted that he knew no one there, the police had probable cause to arrest the defendant for criminal trespass (*see Matter of Darnel B.*, 248 AD2d 464, 465 [1998]; *People v Babarcich*, 166 AD2d 655, 656 [1990]).

The hearing court properly declined to suppress the physical evidence, which was found during a search incident to the ensuing lawful arrest (*see United States v Robinson*, 414 US 218, 235 [1973]; *People v Jones*, 13 AD3d 393 [2004]; *People v Wright*, 204 AD2d 372, 373 [1994]). Florio, J.P., Crane, Ritter and Lifson, JJ., concur.