■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARUQ ABDUR-RAHMAN, Appellant. [893 NYS2d 610]—

As the People correctly concede, the Supreme Court improperly admitted into evidence a photograph of the victim taken when he was alive, since this evidence was not relevant to any material fact to be proved at trial (*see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Mills*, 48 AD3d 703 [2008]; *People v Thompson*, 34 AD3d 852, 854 [2006]; *People v Rodriguez*, 1 AD3d 386, 387 [2003]; *People v Kershaw*, 238 AD2d 523 [1997]). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt (*see People v Adamo*, 309 AD2d 808 [2003]; *People v Santiago*, 255 AD2d 63 [1999]), and no significant probability that the error contributed to his convictions (*see People v Mills*, 48 AD3d 703 [2008]; *People v Thompson*, 34 AD3d 852 [2006]; *People v Foss*, 267 AD2d 505, 508 [1999]).

As the People also correctly concede, it was improper for the trial court to permit the People to impeach their own witness whose testimony did not tend to disprove a material issue of the case (*see* CPL 60.35; *People v Fitzpatrick*, 40 NY2d 44 [1976]). However, that error too was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Murillo*, 256 AD2d 423, 424 [1998]; *People v Comer*, 146 AD2d 794, 795 [1989]; *People v Pellot*, 186 AD2d 158, 158 [1992]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.