■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JONES, Appellant. [948 NYS2d 385]—

Contrary to the defendant's contention, the court did not abdicate its discretionary responsibilities in rendering its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), inasmuch as it permitted inquiry as to six of the defendant's prior convictions, but precluded inquiry into the underlying facts of the two most recent convictions and precluded any inquiry as to another prior conviction (*see People v Ramirez*, 206 AD2d 491 [1994]; *People v Aguilera*, 156 AD2d 698 [1989]).

Contrary to the People's contention, the prosecutor improperly used a witness's prior written statement to refresh her recollection "in a manner that disclose[d] its contents to the trier of the facts" (CPL 60.35 [3]). However, this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Abdur-Rahman*, 69 AD3d 951 [2010]; *People v Spurgeon*, 63 AD3d 863 [2009]; *People v Solomon*, 16 AD3d 701, 702 [2005]). The defendant's contentions regarding the subsequent failure of the court to give a limiting instruction pursuant to CPL 60.35, and the prosecutor's reference to the witness's prior statement during summation, are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The contention raised by the defendant in his pro se supplemental brief that his warrantless arrest was illegal is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.