■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMED RASHEED, Appellant. [986 NYS2d 233]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered August 12, 2011, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal possession of marijuana in the fifth degree, criminal contempt in the second degree (two counts), and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of a controlled substance in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see People v King*, 264 AD2d 428 [1999]; *People v Montano*, 207 AD2d 913 [1994]; *People v Vailes*, 150 AD2d 406 [1989]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of criminal possession of a controlled substance in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.