Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered August 12, 2011, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal possession of marijuana in the fifth degree, criminal contempt in the second degree (two counts), and harassment in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of a controlled substance in the third degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt (see People v King, 264 AD2d 428 [1999]; People v Montano, 207 AD2d 913 [1994]; People v Vailes, 150 AD2d 406 [1989]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of criminal possession of a controlled substance in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Dillon, J.E, Leventhal, Sgroi and Maltese, JJ., concur.