People v Wiggins (2019 NY Slip Op 02363)





People v Wiggins


2019 NY Slip Op 02363


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2014-05797
 (Ind. No. 8799/12)

[*1]The People of the State of New York, respondent,
v
Mitchell Wiggins, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 29, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree upon the testimony of two eyewitnesses identifying him as the shooter in the homicide of Donyell Burton. One of the witnesses, Joseph Ocasio, was detained on a material witness order, and only after receiving certain promises did he testify and inculpate the defendant, an acquaintance of Ocasio's from the neighborhood. The other witness, Tameca Johnson, was a stranger to the defendant, and was familiar with Burton from seeing him around her neighborhood. Surveillance video partially captured the area of the crime scene, but did not capture the actual shooting. A man identified by Ocasio as the defendant was seen on the surveillance video walking behind Burton moments before the shooting and then running from the scene.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the prosecutor acted as an unsworn witness by revealing to the jury that Ocasio had told the prosecutor before trial that Ocasio knew the defendant by the nickname "Combos," and by repeatedly referring to that out-of-court conversation in a manner that suggested that Ocasio had made statements that were favorable to the prosecution's case. This contention is largely unpreserved for appellate review, since defense counsel failed to object to several questions by the prosecutor regarding whether the defendant was known by the nickname "Combos," and registered only general objections to other questions referring to the out-of-court conversation (see CPL 470.05[2]). The defendant also argues that the prosecutor violated CPL [*2]60.35(3) by improperly using Ocasio's prior statements to either refresh his recollection or impeach his credibility in a manner that revealed the contents of those prior statements. However, there was overwhelming evidence of the defendant's guilt, including the unequivocal identification testimony of two eyewitnesses, and the limited nature of the challenged testimony and the prosecutor's allegedly improper questions posed no significant probability that any error in allowing that testimony or those questions contributed to the defendant's convictions. Accordingly, any error in allowing the challenged testimony or questions was harmless (see generally People v Jones, 97 AD3d 696; People v Abdur-Rahman, 69 AD3d 951).
The defendant's contention that the Supreme Court improperly admitted hearsay statements by Ocasio, Johnson, and a detective regarding the description of the defendant is unpreserved for appellate review (see CPL 470.05[2]; People v Coleman, 64 AD3d 787). In any event, that contention is without merit (see People v Huertas, 75 NY2d 487; People v Wilson, 163 AD3d 881).
The defendant's contention that the Supreme Court improperly admitted into evidence his statement to a detective that the defendant would take his chances at trial because a witness who identified him in a lineup would have to show up in court is without merit (see People v McPhillips, 133 AD3d 785; People v Williams, 154 AD2d 724).
The defendant's remaining contention does not warrant reversal.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court