People v Ciccone (2020 NY Slip Op 20363)

People v Ciccone

2020 NY Slip Op 20363 [71 Misc 3d 5]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 19, 2021

[*1]

The People of the State of New York, Respondent,
v
Nicholas Ciccone, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, November 27, 2020

APPEARANCES OF COUNSEL

Legal Aid Society, New York City (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of counsel), for respondent.

{**71 Misc 3d at 6} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, insofar as it convicted defendant of criminal trespass in the third degree and trespass, on the law, and, insofar as it convicted defendant{**71 Misc 3d at 7} of attempted criminal possession of a controlled substance in the seventh degree, as a matter of discretion in the interest of justice and on the law, the accusatory instrument is dismissed and the surcharges and fees, if paid, are remitted.
Defendant was charged in an information with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), criminal trespass in the third degree (Penal Law § 140.10 [e]), and trespass (Penal Law § 140.05). The accusatory instrument, executed and sworn to by a police officer, alleged the following in relevant part:
"Deponent states that, at the above time and place, deponent observed the defendant inside the above mentioned location, a New York City Housing Authority Building [NYCHA] building, in violation of the posted rules and regulations governing entry and use of the above premises.
"Deponent further states that as a New York City Police Officer, deponent is the custodian of the above mentioned location, and the defendant did not have permission or authority to enter or remain in the premises.
"Deponent further states that deponent observed the defendant in possession of a quantity of crack cocaine, in that deponent recovered said quantity of crack cocaine from the [*2]defendant's jacket pocket.
"Deponent further states that deponent has had professional training as a police officer in the identification of crack cocaine, has previously made arrests for the criminal possession of crack cocaine, has previously seized crack cocaine, which was determined to be such by a chemical analysis by the Police Department Laboratory, and the substance in this case possesses the same physical characteristics as such previously chemically identified substance.
"Based on the foregoing, in deponent's opinion, the substance in this case is crack cocaine."
Following a nonjury trial, defendant was convicted of attempted criminal possession of a controlled substance in the seventh degree (Penal Law §§ 110.00, 220.03), criminal trespass in the third degree and trespass. On appeal, defendant contends that the accusatory instrument is jurisdictionally defective because it failed to allege that the rules and regulations were "conspicuously" posted.
{**71 Misc 3d at 8}As a threshold matter, since defendant did not waive prosecution by information, the instrument's facial sufficiency is reviewed by the standards applicable to an information (see CPL 100.40 [1]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). The Court of Appeals has stressed that an information must satisfy significantly more stringent facial sufficiency requirements than those applicable to a complaint (see People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Dumay, 23 NY3d 518, 522 [2014]; People v Alejandro, 70 NY2d 133, 139 [1987]). The factual portion of an information is sufficient when (1) it states "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see 100.40 [1] [a]); (2) the "allegations of the factual part . . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]); and (3) the "[n]on-hearsay allegations . . . establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see 100.15 [3]; People v Casey, 95 NY2d 354, 360 [2000]). The latter is referred to as the "prima facie requirement" (People v Jones, 9 NY3d 259, 262 [2007]). "An information that does not satisfy [the prima facie requirement] by failing to allege a complete element of the charged offense is jurisdictionally defective and may be challenged on appeal even though a defendant never raised the alleged insufficiency [previously]" (People v Kalin, 12 NY3d at 229 [citations omitted]), with the exception of a claim of hearsay, which was implicitly waived under the circumstances presented herein when defendant proceeded to trial without objection (see Casey, 95 NY2d at 366).
Criminal trespass in the third degree is established when a person "knowingly enters or remains unlawfully in a building or upon real property . . . where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof" (Penal Law § 140.10 [e] [emphasis added]). As a matter of "common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]; see People v Casey, 95 NY2d at 360), a defendant's knowledge of his or her unlawful presence may be inferred from the existence of "conspicuously posted rules or regulations governing entry and use" of a premises and an inability to provide a legitimate reason for that presence (see People v Hill, 72 AD3d 702, 705 [2010]; People v Lightfoot, 22 AD3d 865, 866 [2005]; People v Babarcich, 166 AD2d 655, 656[*3][1990]). For all {**71 Misc 3d at 9}degrees of trespass, "[a] person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]).
[1] We find the information herein facially insufficient to allege the elements of the charge of criminal trespass in the third degree. The information stated that defendant was observed inside a NYCHA building in violation of the "posted rules and regulations," but failed to allege that the signs were conspicuously or clearly posted (cf. People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op 51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]) and did not specify where the "posted rules and regulations" were located in the building. The information therefore failed to establish the existence of conspicuously posted rules and regulations so as to provide defendant with the requisite knowledge that his presence there was unlawful. Contrary to the People's contention, the use of the word "conspicuously" is not simply a "redundant adverb" but goes directly to the knowledge element of the criminal trespass in the third degree charge.
[2] Turning to defendant's next facial sufficiency contention, a person is guilty of trespass "when he [or she] knowingly enters or remains unlawfully in or upon premises" (Penal Law § 140.05). "Where the premises are open to the public, however, a person has license or privilege to enter unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person" (People v Barnes, 26 NY3d 986, 989 [2015] [internal quotation marks and citation omitted]). Here, there was no allegation of a lawful order not to enter or remain on the premises personally communicated to defendant and, as discussed above, since the information failed to specify where the "posted rules and regulations" were located, it cannot be said that the posted rules provided defendant with the requisite knowledge that he was trespassing in a public building. Consequently, we find that the factual portion of the information was also insufficient to allege the charge of trespass.
Finally, while defendant raises no facial sufficiency claim with respect to the criminal possession of a controlled substance in the seventh degree charge, we nevertheless review this charge as a matter of discretion in the interest of justice. Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." {**71 Misc 3d at 10}"Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (see People v Dumas, 68 NY2d 729, 731 [1986]). Rather, the factual allegations must establish the basis of the [police] officer's belief that the substance seized" was a particular type of controlled substance (Kalin, 12 NY3d at 229).
[3] Here, the arresting officer merely made a conclusory statement that he observed defendant in possession of crack cocaine that was recovered from defendant's jacket pocket, and that, based on his training and experience, he knew that the substance was crack cocaine. The Court of Appeals in People v Kalin made it clear that an information's description of the characteristics of a substance, combined with an officer's training in identifying such substance, the packaging of such substance, and the presence of drug paraphernalia, supports the inference that the officer properly recognized the substance as a controlled substance (see Kalin, 12 NY3d at 230-231; see also People v Neischer, 64 Misc 3d 149[A], 2019 NY Slip Op 51410[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Here, no such inference can reasonably be made because the information only alleged that the officer recovered crack cocaine, with no description of characteristics to support the basis of his belief that the substance was crack [*4]cocaine, other than the reference to his training and experience. The officer failed to describe the appearance of the substance or placement of the substance within, for example, a glass pipe, or some other commonly used packaging of crack cocaine, which may have formed the basis of his belief that the substance recovered was, in fact, crack cocaine (cf. People v Saveljevs, 56 Misc 3d 130[A], 2017 NY Slip Op 50857[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Crawford, 66 Misc 3d 133[A], 2019 NY Slip Op 52118[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Thus, we find that all of the counts in the information are facially insufficient and must be dismissed.
Based on the foregoing, we need not consider defendant's remaining claims.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Aliotta, P.J., Siegal and Toussaint, JJ., concur.